**MERCHANTS BANK OF RUGBY,**
**North Dakota, Plaintiff**
**and Appellee,**

v.

**Julius K. HAMAN and Arlene O. Haman, husband and wife, Rugby, North Dakota; Anton M. Haman and Elizabeth Haman, husband and wife, Rugby, North Dakota; Pierce County, North Dakota; United Accounts, Inc.; and all other persons interested, Defendants,**

**and**

**Alex A. Haman, John M. Haman, Verena E. Wolf, and Linda Spallinger, Defendants and Appellants.**

**Civ. No. 11027.**

Supreme Court of North Dakota.

Dec. 18, 1985.

Butz & Kraft, Rugby, for plaintiff and appellee; argued by Carlan J. Kraft.

McGee, Hankla, Backes & Wheeler, Minot, for defendants and appellants; argued by Richard H. McGee.

MESCHKE, Justice.

Alex and John Haman, Verena Wolf, and Linda Spallinger (herein collectively referred to as the Optionees) appeal from a district court judgment of foreclosure awarded to Merchants Bank of Rugby (Merchants) against property held by the Optionees. We affirm.

The relevant facts in this case are not in dispute. During March 1968, Julius Haman entered into a contract for deed to purchase farmland from his parents, Anton and Elizabeth Haman. The contract for deed was promptly recorded.

---

During June 1982, Julius, while farming the property, gave Merchants a mortgage on his interest in the property to secure an indebtedness to the Bank. The mortgage was also promptly recorded.

During June 1984, Julius decided to stop farming the property, and he notified the Optionees of their right to purchase the property for $65 per acre as provided in the contract for deed Julius had received upon purchasing the property from Anton and Elizabeth. During that same month, the Optionees exercised their right to purchase the property. In exercising the option, they paid Anton and Elizabeth the amount remaining due to them under the contract for deed, in return for which the Optionees received a deed from Anton and Elizabeth. A check for the balance of the purchase price of $65 per acre was made payable by the Optionees to Julius and Merchants. That check is currently being held by Merchants pending a final determination in this case.

During August 1984, Merchants filed this action to foreclose its mortgage on the property. In resistance to the foreclosure action, the Optionees asserted that their purchase option under the contract for deed is superior to Merchants' mortgage on Julius' interest in the property and that, having exercised their option to purchase, the Optionees hold title to the property free and clear of Merchants' mortgage. Upon construing the option clause in the contract for deed, the district court determined that the Optionees took title to the property subject to Merchants' mortgage, and the court granted Merchants a judgment of foreclosure. In its judgment the trial court recognized, and Merchants concedes, that Merchants' mortgage is subject to Anton and Elizabeth's vendors' lien rights which the Optionees acquired and now hold through exercise of the option.

■ The operative language of the option in the contract for deed reads as follows:

"... [Julius] in the event he desires to terminate his farming interest ... shall grant the option and right to purchase any farm real estate interests he may then hold by virtue of this contract to [the Optionees]...."

The intention of the parties to a written agreement is to be ascertained from the writing alone, if possible. Section 9–07–04, N.D.C.C.; *Metcalf v. Security International Ins. Co.*, 261 N.W.2d 795 (N.D.1978). The words of the agreement are to be understood in their ordinary and popular sense. Section 9–07–09, N.D.C.C. We believe that the language in the contract for deed is clear and unambiguous, the intent of which can be ascertained from the written words alone.

Under the contract for deed, the Optionees were given only a qualified option circumscribed by the limiting language "right to purchase ... interests he [Julius] may then hold...." That qualifying language distinguishes this case from one involving an instrument creating a typical unqualified option which would have priority over subsequently created interests, such as the mortgage in this case. See § 47–19–45, N.D.C.C. We agree with the trial court's succinct explanation of the qualified option's meaning:

"[T]he language does not bind Julius to grant an option to sell *all* of his interests acquired under the contract, but only 'any' interests 'he may then hold.' Thus Julius was free under the language of the contract to assign parts of his interest under the contract to others, or to encumber his interest in any way, including mortgaging it, provided only that in the event he desired to 'terminate his farming interest,' he was obligated to grant the others an option to purchase any remaining interests he might then hold.

"Consequently, Alex, John, Verena and Linda hold title to the premises in question subject to the mortgage lien of the plaintiff herein, ..."

■ The interest of a purchaser under a contract for deed is a property interest which may be mortgaged, and any mortgage given by a contract-for-deed purchas-

er covers whatever interest the purchaser holds by virtue of the contract for deed. *Knauss v. Miles Homes, Inc.*, 173 N.W.2d 896 (N.D.1969). Under the contract for deed Julius was free to encumber the property, and he did so by giving a mortgage to Merchants. Following that encumbrance, the Optionees' right to purchase whatever interest Julius "may then hold" was only a right to purchase the property subject to that mortgage.

The Optionees assert that the trial court erred in ruling that their option under the foregoing provision did not constitute a current option or property interest, but constituted "only an agreement by Julius to grant an option at some unspecified time in the future, upon the occurrence of an uncertain contingency." It is unnecessary to resolve that issue because the nature of the option interest, present or future, is irrelevant and not dispositive of the parties' rights in this case.

Merchants concedes that its mortgage is subject to Anton and Elizabeth's vendors' lien against the property which has been transferred to and is now held by the Optionees. As a result of that transfer, the Optionees acquired Anton and Elizabeth's vendors' lien rights, and those rights have been recognized and accounted for by the trial court in its judgment.

In accordance with this opinion, the judgment is affirmed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.